# EXHIBIT 2

ORIGINAL

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Release Agreement") is entered into this _6th_ day of _May_ 2004, and effective March 15, 2004, by and between World Wrestling Entertainment, Inc., with its principal place of business at 1241 East Main Street, Stamford, CT 06902 ("WWE") and Brock Lock, LLC ("Lender") f/s/o Brock Lesnar, an individual residing at 2324 Copeland Drive, Independence, MN 55395 ("Lesnar") (or collectively referred to as the "Parties").

**WHEREAS**, WWE and Lender entered into a Loan Out Agreement and Booking Contract ("Booking Contract") dated July 1, 2003 (the "Agreements");

**WHEREAS**, the Agreements provide that Lesnar shall provide exclusive services to WWE as a professional wrestler through June 30, 2010; and

**WHEREAS**, Lesnar voluntarily requested his early release from the Agreements to pursue a professional football career, and has represented to the WWE that the request for such early release is not to pursue wrestling or other forms of sports entertainment in any form with any other person, entity, venture, or corporation; and

**WHEREAS**, WWE, based on Lesnar's material representation of his intent to pursue a professional football career, has consented to Lesnar's request for an early release consistent with the terms herein;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **EARLY RELEASE AND CONSIDERATION**: Based upon the material representations of Lesnar and in exchange for Lesnar's agreement to comply with the terms of this Release Agreement including but not limited to Section 2, WWE agrees to grant Lesnar an early release from the Agreements, which release shall be effective March 15, 2004 ("Termination Date"). However, the Parties hereby incorporate by reference the following: (i) Section 12.2 of the Booking Contract; and (ii) Section 7 of the Booking Contract which obligates the WWE to pay Lesnar any royalties that would be due him through the time period specified therein, as if fully set forth in this Release Agreement.

2. **RELEASE OF CLAIMS TO DATE BY LESNAR:**

Lesnar, on his own behalf, and on behalf of his heirs, representatives, successors and assigns, and any other person or entity claiming through him (hereinafter collectively referred to as "Lesnar Parties"), hereby fully and completely releases and forever discharges WWE, its predecessors, successors, subsidiaries, parents, branches, divisions, affiliates, related entities, and its and their respective present and former officers, directors, employees, shareholders, agents, licensees, contractors, representatives, members, and attorneys, individually and in their

official capacities (collectively "WWE Parties"), from the payment of any monies owed Lesnar by WWE pursuant to the First Amendment to the Booking Contract, any and all claims, demands or causes of action of any kind including, but not limited to, those arising out of or in any way related to his association with the WWE and/or his separation therefrom; any and all claims, demands or causes of action for compensation, purported salary, or other benefits of any kind or nature, subject to applicable law; any and all claims of employment discrimination based on any theory[1] including, but not limited to, any claims brought under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Connecticut Human Rights and Opportunities Laws; any claims pursuant to any other federal, state or local statutes, regulations or ordinances; any claims based on any common law or public policy; and any claims based in contract, express or implied, oral or written, including any claims or rights which may arise out of any of the Agreements to the date of his execution of this Release Agreement, any alleged employment contract with WWE; or any actions based in tort or any other theory. This release is intended to, and does, include all claims, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses of every kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, patent or latent, suspected or unsuspected, fixed or contingent. Lesnar Parties acknowledge that they are aware and that they may hereafter discover facts different from or in addition to those they now know or believe to be true with respect to the Agreements and/or affiliation in any way with WWE and the claims, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses herein released, and Lesnar Parties agree that the within release shall be and remain in effect in all respects as a complete and general release as to all matters released herein, notwithstanding any such different or additional facts.

3.     **INTELLECTUAL PROPERTY:**

(a)     New Intellectual Property: Lesnar acknowledges and agrees that WWE created and owns the "New Intellectual Property" as described in the Agreements, including without limitation the name and likeness of the character ""The Next Big Thing" and the wrestling maneuver called the "F-5" and that all rights in and to the history, name, likeness and image of such character and wrestling maneuver have belonged to, and forever belong to, WWE. Lesnar further acknowledges and agrees that WWE retains the exclusive right to retain and exploit in perpetuity, for whatsoever purpose in any and all media and means of commerce, whether now or hereafter devised, the New Intellectual Property, including without limitation, the name and likeness of the character "The Next Big Thing" and the wrestling maneuver called the "F-5". Lesnar acknowledges and agrees that he is forever precluded from using any names, likenesses, costumes, props, gimmicks, gestures, routines, themes, music, personalities, caricatures or anything else which refer or relate to, or which are confusingly similar to the character "The Next Big Thing" and the wrestling maneuver called the "F-5". Lesnar shall also immediately return to WWE all gags, costumes or parts of costumes, accessories, crowns, inventions, championship, title or other belts (if applicable), and any other items of tangible property

---

[1] Lesnar hereby affirms that, at no time, was he an "employee" of the WWE. Nevertheless, in order to effect a complete and full release of all claims to date, Lesnar agrees to include potential claims he might have brought wherein he would allege an employment, or joint employment, theory of liability against the WWE.

- 2 -

provided to Lesnar by WWE. Lesnar acknowledges and agrees that the New Intellectual Property belongs to WWE in perpetuity and shall survive the termination of the Agreement. Lesnar further acknowledges and agrees that WWE has the exclusive right to assign, license, sublicense, reproduce, promote, exploit, expose and otherwise use the New Intellectual Property in any commercial manner now or hereinafter discovered, regardless of whether such rights were exercised during or after the Term of the Agreement.

(b) <u>Original Intellectual Property:</u> Lesnar acknowledges that WWE has exclusive licensing rights under the Agreement until June 30, 2010 and he has represented that he will not enter into any licensing agreements if WWE grants his early release. Lesnar thereby agrees that, in further consideration for his early release from the Agreements and for the payment to him of royalties as set forth in Section 1 of this Release Agreement, he will not license or otherwise grant to any third party, other than the National Football League, the rights to exploit his name and likeness.

### 4.   AFFIRMATION OF EXISTING OBLIGATIONS BY LESNAR:

(a) <u>Obligation Not to Compete with WWE</u>: Lesnar acknowledges that WWE's consent to an early release from his obligation under the Agreements was induced by his material representation that he has no intention of exploiting such early release in order to compete with WWE in the area of professional wrestling or sports entertainment events. Accordingly, Lesnar hereby covenants and agrees that he shall not appear, participate and/or associate either directly or indirectly in any way throughout the world with any professional wrestling, ultimate fighting and/or sports entertainment companies, associations, joint ventures, sole proprietorships, and/or partnerships, other than the WWE, through the expiration date of the original Agreements of June 30, 2010. Lesnar further agrees that WWE will suffer irreparable harm if he violates the aforementioned covenant, and that WWE shall be entitled to injunctive relief and other equitable relief to enforce the covenant.

(b) <u>Compliance with Terms of Muscle Tech Agreement</u>: Lesnar further covenants and agrees to comply with those terms of the Muscle Tech agreement which survive the Termination Date herein. By way of example, and not limitation, Lesnar covenants and agrees to comply with the following:

(i) he shall not himself nor cause or permit anyone under his direct control (i.e. Lesnar's spouse or manager) to disparage, make derogatory comments concerning, or to otherwise make negative representations concerning, any and all Muscle Tech products, officers, directors, employees, and/or methods of doing business, through December 31, 2006;

(ii) he shall not himself, nor cause or permit anyone under his direct control, to represent or perform representative, spokesperson or endorser services for, nor furnish services or materials, or allow the use of his likeness in connection with the advertising, endorsement, promotion or sale of products set forth on the attached <u>Exhibit A</u>.

-3-

### 5. CONFIDENTIALITY:

Lesnar covenants and agrees that he shall not divulge the terms and conditions of this Release Agreement to any third Party other than to his attorneys, financial advisors and employees who have a need to know this information or as otherwise required by law, government order, regulation, or by order or decree of a court. Lesnar hereby acknowledges and agrees that in further consideration of WWE's entering into this Release Agreement, Lesnar shall not, at any time during the Release Agreement, or after the execution of the Release Agreement for any reason whatsoever, disclose to any person, organization, or publication, or utilize for the benefit or profit of Lesnar or any other person or organization, any sensitive or otherwise confidential business information, idea, proposal, secret, or any proprietary information obtained while with WWE and/or regarding WWE and its employees, independent contractors, agents, officers, directors, subsidiaries, affiliates, divisions, representatives, or assigns. Included in the foregoing, by way of illustration only and not limitation, are such items as reports, business plans, sales information, cost or pricing information, lists of suppliers or customers, talent lists, story lines, scripts, story boards or ideas, routines, gags, costumes or parts of costumes, accessories, crowns, inventions, championship, title or other belts (if applicable) and any other tangible or intangible materials written, composed, submitted, added, improvised, or created by or for Lesnar in connection with any contractual relationships maintained by WWE and/or the terms thereof, and/or any and all information regarding Lesnar in the context of professional wrestling.

### 6. NON DISPARAGEMENT:

Lesnar Parties further agrees that he shall not make any statement or comments (written or otherwise) that criticize, disparage, injure or harm the reputation of WWE Parties, its predecessors or successors in interest, its parent companies, affiliates, divisions, subsidiaries, representatives, and assigns including, but not limited to, any statements or comments regarding the McMahon Family and/or any officer, director, employee, contractor or representative of WWE, or regarding its products and methods of doings business.

### 7. INDEMNIFICATION:

Lesnar hereby agrees that he shall indemnify, defend and hold WWE harmless from and against all actions, suits, proceedings, judgments, claims, liabilities, losses or expenses whatsoever, including reasonable attorneys' fees (including an allocation for in-house counsel fees and expenses) arising from a breach of any of Lesnar's obligations, representations or warranties under this Release Agreement.

### 8. LESNAR BREACH:
To the extent Lesnar breaches any of the terms and conditions, representations, warranties and/or covenants set forth herein, Lesnar shall immediately forfeit any and all future compensation due him pursuant to the Agreements, including the receipt of any royalty payments.

9. **WAIVER:**

(a) The failure at any time of any Party to demand strict performance of the other Party of any of the terms, covenants or conditions set forth in this Release Agreement shall not be construed as a continuing waiver or relinquishment thereof, and such Party may, at any time, demand full, strict and complete performance by the other Party of such terms, covenants and conditions.

(b) Lesnar Parties agree that they will not make, assert, or maintain against WWE Parties any claim, demand, action, suit or proceeding arising out of or relating in any way to the Agreements, including but not limited to, the matters released in this Release Agreement.

10. **SEVERABILITY:** If any provision of this Release Agreement, or any part thereof, is determined to be invalid or unenforceable by any court of competent jurisdiction, it is the intention of the Parties that the same shall be limited only to the minimum extent necessary to permit compliance with the minimum legal requirement and thereby remain in effect, and no other provision of this Release Agreement shall be affected thereby and that all such other provisions shall continue in full force and effect.

11. **SURVIVAL:** All representations, warranties and indemnities contained herein or made by either Party in connection herewith shall survive the execution, delivery, suspension, expiration and/or termination of this Release Agreement or any provision hereof.

12. **FURTHER ASSURANCES:** Both Parties agree to execute such other further documents and do such other acts as may be required to effectuate the purposes of this Release Agreement.

13. **NOTICES:** All notices, statements, and other documents required to be given to each Party shall be given in writing and sent, either by personal delivery, by registered mail postage prepaid, or by facsimile to the following addresses:

| | |
|---|---|
| If to WWE: | Edward L. Kaufman<br>Executive Vice President, General Counsel<br>World Wrestling Entertainment, Inc.<br>1241 East Main Street<br>Stamford, Connecticut 06902 |
| If to Brock Lock or Lesnar: | Brock Lock, LLC<br>c/o Brock Lesnar<br>2324 Copeland Drive<br>Independence, MN  55395 |

or such address as may be designated in writing by either Party in a notice conforming with this Paragraph 12. The date of such mailing, personal delivery or facsimile shall be the date of delivery of such notice.

**14. RELATIONSHIP OF PARTIES:** Nothing contained in this Release Agreement shall be deemed or construed as creating any joint venture, partnership, employment, agency or other relationship between Lesnar Parties and WWE.

**15. MISCELLANEOUS:**

(a) Governing Law, Forum Selection and Jurisdiction: This Release Agreement shall be governed by, and construed in accordance with, the laws of the State of Connecticut applicable to contracts entered into and to be fully performed therein. The parties agree that the United States District Court for the District of Connecticut is the exclusive forum in which a party may bring any dispute, claim or legal action arising directly or indirectly out of this Release Agreement or in any way related to the subject matter of this Release Agreement or the parties relationship, whether sounding in contract, tort or otherwise. This provision to submit all disputes, claims, or legal actions to the Federal courts in Connecticut shall be specifically enforceable; each party knowingly waives personal service of process and venue; and each party consents to jurisdiction in Connecticut. The parties agree that the provisions contained in this paragraph shall survive the termination and/or expiration of this Release Agreement.

(b) Injunctive Relief: The Parties further agree that because of the special and unique obligations of Lesnar under this Release Agreement, a breach by Lesnar of the provisions in this Release Agreement shall cause WWE irreparable injury which cannot be adequately measured by monetary relief. Consequently, without prejudice to or limitation of any other rights, remedies or damages which WWE is legally entitled to obtain, WWE shall be entitled to injunctive and other equitable relief against Lesnar to enforce the provisions of this Release Agreement.

**16. ASSIGNMENT:** Lesnar shall be precluded from assigning this Release Agreement to any party.

**17. SECTION AND OTHER HEADINGS:** The section and other headings contained in this Release Agreement are for reference purposes only and shall not be deemed to be part of this Release Agreement or to affect the meaning or interpretation of this Release Agreement.

**18. EXECUTION IN COUNTERPARTS:** This Release Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

**19. COMPLETE AGREEMENT:** This Release Agreement constitutes the entire understanding of the Parties and replaces and supersedes as of the date of execution

any and all prior agreements and understandings, whether oral or written, between the Parties relating to the Agreements. No change, modification, waiver or discharge of any or all of the terms and provisions of this Release Agreement shall be effective unless made in writing and executed by both of the Parties hereto.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Release Agreement as of the date first above written.

WORLD WRESTLING ENTERTAINMENT, INC. ("WWE")

By: _Sam J Kaufman_
Its: _SVP + GC_
Title: _____
Date: _5/6/04_

BROCK LOCK, LLC ("Lender")

By: _____
Brock Lesnar
President

BROCK LESNAR ("Lesnar")

By: _____
Brock Lesnar, Individually

-7-

## Exhibit A

## List of Products

ABB
ANSI
AST Sports Science
Atkins

Biochem
Bioplex Nutrition
Biotest

Champion Nutrition
Clif Bar
Cytodyne
Cytosport

Designer Whey - Next Proteins

EAS

GNC

Human Development Technologies

IDS Sports

ISS Research

Klein Becker USA

Labrada
Lean System 7

MHP
Max Muscle
MD Labs
Metabolic Response Modifiers - MRM
Met-Rx
Muscle Marketing USA
MRI
MLO
MVP Labs

Next Proteins

Natrol
Natures Best
NHF
Nx Care

Optimum Nutrition

Prolab

Sci Tec Nutrition
Sportpharma
Stacker
Syntrax

Twin Laboratories (Twinlab)

Universal Nutrition

VPX Sports

Weider
Worldwide