V.    CASE MANAGEMENT PLAN

    A.    Standing Order on Scheduling in Civil Cases

        The parties request modification of the deadlines in the Standing Order on Pretrial
Deadlines as set forth below:

    B.    Scheduling Conference with the Court

        The parties request a pretrial telephone conference with the Court before entry of a
scheduling order pursuant to Fed. R. Civ. P. 16 (b).

    C.    Early Settlement Conference

    1.    The parties certify that they have considered the desirability of attempting to settle
the case before undertaking discovery or motion practice. The parties believe that settlement is
unlikely at this time.

    2.    The parties do not request an early settlement conference.

    3.    The parties do not request a referral for alternative dispute resolution pursuant to
D. Conn. L. Civ. R. 16.

    D.    Joinder of Parties and Amendment of Pleadings

    Plaintiff's Position

        Motions to join parties and/or amend the pleadings should be deferred until the Court has
had an opportunity to rule on the Plaintiff's Motion for Summary Judgment which was filed on
May 18, 2005. In the event the pending Motion for Summary Judgment does not dispose of all
claims, motions to amend the pleadings or add parties should be made within thirty days after the
Court issues its ruling on the pending dispositive motion. The Plaintiff believes that any issues
of fact are not relevant or material to the central issue of whether the subject non-competition

71287942_2.DOC                                    -9-

provisions are enforceable under Connecticut law. If they are not, then the issues of fact asserted
by the Defendant are moot.

### Defendant/Counterclaimant's Position

Motions to join parties and/or amend pleadings should not be deferred until the Court has
ruled on any motion for summary judgment filed by Plaintiff. At this time, summary judgment is
inappropriate because neither party has conducted any discovery and as discussed more fully in
Section V(F) below, there are numerous material factual issues raised in the pleadings which
require discovery. Further, because of Plaintiff's actions with various third parties, including,
but not limited to, New Japan, international discovery procedures may be necessary.
Accordingly, WWE requests that it be provided until July 15, 2005 to file motions to join
additional parties or amend pleadings, except that if discovery yields facts and circumstances not
known to WWE by July 15, 2005, WWE shall have a reasonable amount of time from the
discovery of such facts to file motions to join additional parties and/or amend pleadings.

### E.     Initial Disclosures

#### Plaintiff's Position

Initial disclosures pursuant to Fed R. Civ. P. 26 (a) (1) are not appropriate under the
circumstances and should be deferred until the Court has had an opportunity to rule on the
Plaintiff's Motion for Summary Judgment. In the event the pending Motion for Summary
Judgment does not dispose of all claims, initial disclosures pursuant to Fed R. Civ. P. 26 (a) (1)
should be made within thirty days after the Court issues its ruling on the pending dispositive
motion. The Plaintiff believes that any issues of fact are not relevant or material to the central
issue of whether the subject non-competition provisions are enforceable under Connecticut law.
If they are not, then the issues of fact asserted by the Defendant are moot.

71287942_2.DOC                                  -10-

**Defendant/Counterclaimant's Position**

Because there are numerous material factual issues raised in the pleadings, this case is not ripe for summary judgment. As a result, initial disclosures are appropriate in this case and should not be deferred. Accordingly, initial disclosures pursuant to Fed R. Civ. P. 26 (a) (1) should be made by both parties on or before June 15, 2005.

F.    **Discovery**

**Plaintiff's Position**

Whether, and to what extent discovery may be necessary will be determined by the Court's ruling on the Plaintiff's Motion for Summary Judgment. Discovery should be deferred until the Court has had an opportunity to rule on the pending dispositive motion. In the event the pending Motion for Summary Judgment does not dispose of all claims, the plaintiff requests a pretrial conference for the purpose of establishing an accelerated discovery and trial schedule. The Plaintiff believes that any issues of fact are not relevant or material to the central issue of whether the subject non-competition provisions are enforceable under Connecticut law. If they are not, then the issues of fact asserted by the Defendant are moot.

**Defendant/Counterclaimant's Position**

There are numerous material factual issues raised in the pleadings that require discovery, some of which may involve the use of international discovery procedures. As a result, this case is not ripe for summary judgment at this time and discovery should not be deferred.

1.    WWE anticipates that discovery will be needed on numerous material factual issues raised by the pleadings, including, but not limited to, the following:

a.    The facts and circumstances surrounding the parties' negotiation of and entry into the Settlement Agreement,

      b.    The consideration given by both parties for the Settlement

Agreement,

      c.    Lesnar's assertion that he did not freely enter into the Settlement

Agreement,

      d.    Lesnar's knowledge and understanding of the Settlement

Agreement,

      e.    Lesnar's efforts and preparation to become a professional football

player in the National Football League and whether they are continuing,

      f.    Lesnar's communications with WWE regarding his possible return

to work with WWE, and

      g.    Lesnar's involvement with New Japan Pro Wrestling, as well as

any other wrestling, ultimate fighting, and/or sports entertainment organizations, which

discovery may require the use of international discovery procedures.

      2.    All discovery, including depositions of expert witnesses pursuant to Fed.

R. Civ. P. 26(b)(4), will be commenced by June 1, 2005 and completed (not propounded) by

September 30, 2005. Due to the nature of international discovery procedures, WWE will

promptly begin international discovery but cannot be certain that such discovery will be

completed by September 30, 2005. If WWE is unable to complete such international discovery

by September 30, 2005, WWE may need a limited extension of time to complete such discovery.

      3.    Discovery will not be conducted in phases.

      4.    Subject to Paragraph 2 above, discovery will be completed by September

30, 2005.

5.     The parties anticipate that the total number of depositions of fact witnesses will not exceed the number of depositions permitted under Fed. R. Civ. P. 30. The depositions will commence by June 1, 2005 and be completed by September 30, 2005, subject to Paragraph 2 above.

6.     The parties anticipate that they will not request permission to serve more than 25 interrogatories.

7.     Plaintiff [intends] [does not intend] to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2005. Depositions of any such experts will be completed by July 30, 2005.

8.     WWE may call expert witnesses at trial, and if so, WWE will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 31, 2005. Depositions of any such experts will be completed by September 30, 2005.

G.     **Dispositive Motions**

**Plaintiff's Position**

The plaintiff filed his Fed. R. Civ. P. 56 Motion for Summary Judgment on May 18, 2005.

**Defendant/Counterclaimant's Position**

As indicated above, summary judgment is not appropriate at this time because there are a number of material factual issues raised by the pleadings which require discovery. As a result, the discovery schedule set forth above should be adopted, and dispositive motions should be filed on or before October 31, 2005.

### H.    Joint Trial Memorandum

The parties request that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases shall be filed by thirty (30) days prior to any trial ready date provided by the Court.

### VI.    TRIAL READINESS

#### Plaintiff's Position

In the event the Plaintiff's Motion for Summary Judgment does not dispose of all claims, the plaintiff requests a pretrial conference for the purpose of establishing an accelerated discovery and trial schedule.

#### Defendant/Counterclaimant's Position

As set forth above, summary judgment is not appropriate at this time and discovery should begin immediately.  WWE estimates that this case will be ready for trial by December 2005.

As officers of the Court, undersigned counsel certify that their clients have approved the

above proposed schedule, and agree to cooperate with each other and the Court to promote the

just and efficient determination of this action.

THE PLAINTIFF

By

Scott S. Centrella
Diserio Martin O'Connor &
Castiglioni LLP
One Atlantic Street
Stamford, CT 06901-2402
Tel: 203-358-0800
Fax: 203-348-2321
E-mail: scentrella@dmoc.com
Fed Bar No. ct05809

THE DEFENDANT/COUNTERCLAIMANT

By

Daniel L. Schwartz
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901-2047
Tel: 203-977-7300
Fax: 203-977-7301
E-mail: dlschwartz@dbh.com
Fed Bar No. ct09862

Jerry S. McDevitt (ct11783)
Mark D. Feczko (ct20426)
Christopher Michalski (phv0290)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500

*Attorneys for the Plaintiff, Brock
Lesnar*

Dated: 5/31/05

*Attorneys for the
Defendant /Counterclaimant,
World Wrestling Entertainment, Inc*

Dated: 5/26/05