UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROCK LESNAR, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:05CV221 (CFD) |
| v. | : | |
| | : | |
| WORLD WRESTLING | : | **TO BE FILED UNDER SEAL** |
| ENTERTAINMENT, INC., | : | **REDACTED DOCUMENT** |
| | : | |
| Defendant. | : | SEPTEMBER 12, 2005 |

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC'S MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37, Defendant, World Wrestling Entertainment, Inc. ("WWE"), moves to compel Plaintiff Brock Lesnar ("Plaintiff" or "Lesnar") to properly respond to WWE's limited First Request for Production of Documents that relates solely to issues raised in Plaintiff's Motion for Summary Judgment by producing all responsive documents or stating that no responsive documents exist.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   Factual Background**

In order for the Court to fully understand and properly analyze the discovery dispute at issue, it is necessary to briefly describe the factual background of this case. Despite Lesnar's attempt to oversimplify the case by treating it solely as a run-of-the-mill non-compete case, the agreement that Lesnar is attempting to invalidate is not an employment agreement but rather a Settlement Agreement and General Release of All Claims (the "Settlement Agreement"). The Settlement Agreement, which was voluntarily entered into by Lesnar after consultation with counsel, was executed as a result of Lesnar's breach of his Booking Contract with WWE, which obligated Lesnar to perform exclusively for WWE through June 30, 2010. When Lesnar

PI-1435696 v1

informed WWE that he no longer intended to perform his contractual obligations, WWE and Lesnar entered into the Settlement Agreement to avoid litigation resulting from Lesnar's breach.

Because the restrictions Lesnar seeks to have declared invalid are contained in the Settlement Agreement and not in an employment contract, Lesnar's reliance on law regarding non-compete agreements ancillary to employment is misplaced. To the contrary, law regarding settlement agreements should govern the resolution of this case. That law provides that settlement agreements are favored and encouraged by courts and enforced as contracts. See Mr. J. v. Board of Educ., 98 F. Supp. 2d 226, 238 (D. Conn. 2000) (quoting D.R. v. East Brunswick Bd. Of Educ., 109 F.3d 896, 901 (3d Cir. 1997)). Further, courts will uphold and enforce settlement agreements even in the face of improvident bargains and unpalatable results. Indeed, the Supreme Court of Connecticut has stated:

> Courts do not unmake bargains unwisely made. Absent other infirmities, bargains moved on calculated considerations, and whether provident or improvident, are entitled nevertheless to sanctions of the law ... Even if the result of the fair and logical enforcement of those unambiguous agreements seems unduly to burden one of the parties, we decline to embark [on] a voyage into uncharted waters in which untrammeled and unrestrained judicial revisionism would depart significantly from an aspect of contract law upon which contracting parties reasonably can be assumed to have relied for many years.

Tallmadge Brothers, Inc. v. Iroquois Gas Transmission System, L.P., 746 A.2d 1277, 1292 (Conn. 2000); see also Mr. J., 98 F. Supp. 2d. at 238 (enforcing a settlement agreement to avoid allowing a party "to void a settlement agreement when [it] become[s] unpalatable ...")

B.  **Procedural Background**

On May 18, 2005, Lesnar filed a Motion for Summary Judgment (the "Motion") seeking a judgment declaring that certain provisions in the Settlement Agreement he voluntarily entered into with WWE regarding his right to compete with WWE are void and unenforceable. In

2

support of the Motion, Lesnar also filed a Local Rule 56(a)(1) Statement of Material Facts ("Statement"), a Memorandum of Law ("Memorandum"), and voluminous exhibits.

On June 16, 2005, this Court ordered that "[d]iscovery is limited to the issues raised in the plaintiff's motion for summary judgment." To that end, on June 22, 2005, WWE served its First Request for Production of Documents (the "Document Requests") on Lesnar which contained twenty-one (21) requests which where narrowly tailored to address issues raised in Lesnar's Motion.[1]

Lesnar responded to the Document Requests on August 19, 2005.[2] Despite having nearly two months to respond, Lesnar's responses contained multiple stock and blunderbuss objections to every single request making it impossible to determine what was being produced and what was being withheld and claimed privileges where none seemed applicable.[3] After closely scrutinizing the responses, it appears that Lesnar only agreed to provide responsive documents, if any, to eleven (11) of the twenty-one (21) requests. Further, it appears that Lesnar actually provided responsive documents to only six (6) of the eleven (11) requests to which he stated he was providing responsive documents, and even this production was incomplete in many respects. In response to the remaining ten (10) requests, Lesnar made numerous objections and neither agreed to produce documents nor stated that no responsive documents exist.

---

[1]   A true and correct copy of Defendant's First Request for Production of Documents to Plaintiff is attached hereto and incorporated herein as Exhibit 1.

[2]   A true and correct copy of Plaintiff's Response to Defendant's First Request for Production of Documents is attached hereto and incorporated herein as Exhibit 2.

[3]   Despite asserting the attorney client privilege and/or work product privilege in response to each of the twenty-one (21) requests, Lesnar provided a privilege log with only three entries. As a result, it is difficult to determine which privilege Lesnar is claiming is applicable to each request or how the privilege would be properly asserted under the circumstances.

3

Simply put, in response to fifteen (15) of the twenty-one (21) requests, Lesnar produced no documents. If no responsive documents exist, Lesnar should have just said so, which could have avoided unnecessary motion practice.

Following Lesnar's deficient responses, WWE attempted to resolve the issues with counsel for Lesnar but was unable to do so. After a telephonic hearing was held on August 31, 2005, this Court scheduled another hearing for September 15, 2005 to address this dispute.

## II.    WWE IS ENTITLED TO DOCUMENTS RESPONSIVE TO ITS REQUESTS OR RESPONSES STATING THAT NO RESPONSIVE DOCUMENTS EXIST

As discussed more fully below, the Document Requests were limited to three discrete issues raised in Lesnar's Motion for Summary Judgment: (i) Lesnar's contacts with New Japan Pro Wrestling; (ii) Lesnar's income; and (iii) other professional occupations available to Lesnar. Therefore, Lesnar should be compelled to produce documents responsive to the narrowly tailored document requests or state that no responsive documents exist.

### A.    Requests Related to Lesnar's Contacts with New Japan Pro Wrestling

Request Numbers 5, 6, 7, 16, 17, 20, and 21 seek documents related to Lesnar's contacts with New Japan Pro Wrestling ("New Japan"). Lesnar objected to these requests on the grounds that they are: (1) vague, ambiguous, and not susceptible to a meaningful response, (2) not relevant to the claim or defense of any party, (3) beyond the issues raised in his Motion for Summary Judgment and are therefore contrary to the Court's June 16, 2005 Order, (4) overly broad and unduly burdensome, and/or (5) shielded from discovery by the attorney client privilege and/or work product privilege. As a result, Lesnar failed to produce any documents related to his contacts with New Japan.

Lesnar's numerous stock objections have no merit and Lesnar should be ordered to produce documents relating to his contacts with New Japan for several reasons.

4

First, Lesnar's actions as they relate to New Japan are directly at issue in this case and were raised by Lesnar in his Motion. In an attempt to create a sympathetic story to support his claims, Lesnar made the following factual assertions regarding New Japan in the papers he filed in support of his Motion:

(i)   Despite WWE's suspicions, Lesnar was not compensated for his attendance at a New Japan Pro Wrestling event in Tokyo, which he attended as a spectator (see Memorandum at 10);

(ii)  As interpreted by WWE, ... [Lesnar] cannot even be seen in the audience of a competitor's event regardless of whether he is paid to be there (Lesnar was not compensated) or whether he has consented to the use of his name and likeness on camera or otherwise (Lesnar did not consent to such use) (see Memorandum at 27);

(iii) The absurd breadth of this restriction is most effectively illustrated by WWE's claim in this litigation that Lesnar was in violation of Section 4(a) of the Settlement Agreement when he flew to Japan and was seated in the audience and introduced as a spectator at a wrestling event put on by a Japanese firm in Tokyo (see Memorandum at 27); and

(iv)  [Lesnar] has not worked or performed as a professional wrestler for WWE or any other organization or entity ... (see Memorandum at 11; Statement at ¶ 40).

Therefore, because Lesnar has made factual assertions regarding New Japan in support of his Motion, WWE is entitled to information regarding New Japan to fully develop the factual background of the case and to avoid a one-sided presentation of the evidence.

Second, WWE is also entitled to information regarding Lesnar's actions as they relate to New Japan because it is relevant to equitable defenses available to WWE, including the doctrine of unclean hands, which precludes the equitable relief that Lesnar seeks in his Motion, as well as to Lesnar's understanding regarding the scope of the non-compete provisions in the Settlement Agreement.

Therefore, documents related to Lesnar's actions as they relate to New Japan are relevant and address issues raised in Lesnar's Motion as well as defenses to the Motion. Further, production of such documents is necessary to allow WWE to fully develop the factual background of this case and avoid a one-sided presentation of alleged facts. Accordingly, Lesnar should be ordered to produce all documents regarding his contacts with New Japan which are responsive to Request Numbers 5, 6, 7, 16, 17, 20, and 21.

**B.     Requests Related to Lesnar's Income**

Request Numbers 18 and 19 seek documents related to income and financial information of Lesnar and Brock Lock, LLC, as well as any other corporation, partnership or other entity owned in whole or in part by Lesnar, from June 9, 2000 to the present.

Despite objecting to these requests on the grounds that the requests were vague, ambiguous, and not susceptible to a meaningful response, as well as shielded from discovery by the attorney client privilege and/or the work product privilege, Lesnar produced some documents responsive to these requests. The production, however, was far from complete.

Lesnar only provided a personal tax return for 2003, some earnings information for 2004, including W-2s from the Minnesota Vikings and 1099's from WWE, and bank statements for one account of Brock Lock, LLC, account number ███████, from 2003 through July 2005.

In addition to the obvious deficiency in temporal coverage resulting from the fact that the years 2000, 2001, and 2002 are completely unaccounted for, the production is lacking in many other aspects as well. First, Lesnar did not provide a personal tax return for 2000, 2001, 2002, and 2004. Regarding the 2004 tax return, Lesnar, nearly a week after his original production, supplemented the production with ████████████████████████████████████████ ████████████████████████████, which notably was signed on August 12, 2005, one week

before the original production.[4] Further, Lesnar never produced the original ▇▇▇▇▇▇, which is clearly responsive to the above requests.

Second, Lesnar only produced documents regarding one account for Brock Lock, LLC, ▇▇▇▇▇▇. The production of documents related to this account of Brock Lock, LLC only is clearly deficient because the records that were produced detail ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. No documents regarding these other accounts of Brock Lock, LLC or Lesnar, however, which are clearly responsive, were produced. In addition, Lesnar failed to produce any individual personal account information, which is also clearly responsive to these requests.

Notably, Lesnar did not, and cannot, object to these requests as being either irrelevant or contrary to the Court's June 16, 2005 Order because they seek documents that go directly to one of the assertions advanced by Lesnar in support of his Motion, *i.e.*, that Lesnar is unable to earn a living. In his Memorandum, Lesnar asserts that since the effective date of the Settlement Agreement, Lesnar has only earned $12,000 exclusive of WWE earnings. See Memorandum at 2, 10. Lesnar adds that this $12,000 is reflective of his earning capacity as a result of the Settlement Agreement. See Memorandum at 2 n.1. In reviewing the documents regarding account number ▇▇▇▇ only, however, it appears that in 2004 alone Lesnar had cash deposits of ▇▇▇▇, and through July 31, 2005, Lesnar had cash deposits of ▇▇▇▇, resulting in ▇▇▇▇▇▇ cash deposits not attributable to WWE compensation or royalties. Therefore, WWE is entitled to, and needs, all documents regarding Lesnar's income and financial information to present a clear factual picture of Lesnar's financial status and his ability

---

[4] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

to earn a living, as well as to correct any unsubstantiated self-serving assertions by Lesnar regarding his present earning capacity, to fully and fairly respond to Lesnar's bold and unsubstantiated assertion in his Memorandum that in order for Lesnar "to work and earn a living while he still can" the Court must "declare WWE's punitive and unreasonable restrictions to be void as a matter of law." See Memorandum at 2.

Accordingly, Lesnar should be ordered to supplement his production as it relates to Request Numbers 18 and 19 and produce all tax information, all earnings information, and all account statements for the years 2000 through the present for Lesnar and and/or any corporation, partnership or other entity owned in whole or in part by Lesnar, including, but not limited to, Brock Lock, LLC.

C.     **Requests Related to Other Professional Occupations Available to Lesnar**

Request Numbers 8 through 15, 20, and 21 seek documents regarding Lesnar providing services for, discussions or negotiations with, and communications with, various organizations, including any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR, ESPN, any television network, and/or any video game producer or designer. Again, Lesnar made numerous objections on various grounds to these requests, including, but not limited to, that the requests seek production of documents that are not relevant to the claim or defense of any party, that the requests go beyond issues raised in Plaintiff's Motion for Summary Judgment and are therefore contrary to the Court's June 16, 2005 Order, and that the requests seek discovery of documents which are shielded from discovery by the attorney client privilege and/or attorney work product privilege. As a result, Lesnar again failed to produce any documents responsive to these requests.

Lesnar's objections are again without merit. First, such documents are relevant to Lesnar's unsubstantiated and self-serving statements he has made in support of his Motion that he "has not worked or performed as a professional wrestler for WWE *or any other organization or entity* ..." See Memorandum at 11; Statement at ¶ 40. Because Lesnar has asserted in papers in support of his Motion that he has not performed for any other organization or entity, such requests are clearly within the scope of the June 16, 2005 Order. Further, WWE should certainly be permitted to investigate and develop testimony and evidence related to such an assertion. Prohibiting this discovery will create an incomplete record and will result in this Court resolving this case with only a one-sided, self-serving statement of the facts. Second, such requests are relevant to Lesnar's ability to earn a living and to his understanding regarding the scope of the non-compete provisions in the Settlement Agreement. Third, Lesnar, not WWE, raised these issues by extensive discussion in his Motion. WWE has not taken a position regarding any of the above and only seeks to determine if an actual case and controversy exists by determining if Lesnar has any real contract offers, and, if so, whether WWE believes such employment is in violation of the non-compete provisions in the Settlement Agreement. Fourth, the requests seek documents that are relevant to certain equitable defenses available to WWE, including, but not limited to, the doctrine of unclean hands and whether a case and controversy exists.

Accordingly, because these requests are relevant and related to issues raised in Plaintiff's Motion for Summary Judgment as well as to defenses to the Motion, Lesnar should be ordered to produce all documents responsive to Request Numbers 8 through 15, 20, and 21.

### III.   CONCLUSION

As evident from above, Defendant's Document Requests are limited to three discrete issues raised in Lesnar's Motion for Summary Judgment: (i) Lesnar's contacts with New Japan; (ii) Lesnar's income; and (iii) other professional occupations available to Lesnar. Therefore,

9

WWE respectfully requests that this Court grant this Motion to Compel and order Lesnar to produce all documents responsive to Request Numbers 5 through 21 of Defendant's First Request for Production of Documents, or if there are no such responsive documents, to state so.

Respectfully submitted,

By: _____
Jerry S. McDevitt (*pro hac vice*, ct11783)

Mark D. Feczko (*pro hac vice*, ct20426)
Christopher Michalski (*pro hac vice*, phv0290)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500

Daniel L. Schwartz, Esq. (ct09862)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901
(203) 977-3000

Attorneys for Defendant,
World Wrestling Entertainment, Inc.

## CERTIFICATION OF SERVICE

  This is to certify that a copy of the foregoing was sent by Federal Express, postage prepaid, on the date hereof to the following counsel of record:

    Scott S. Centrella, Esq.
    Diserio Martin O'Connor & Castiglioni LLP
    One Atlantic Street
    Stamford, CT  06901


        _____
        Christopher Michalski

September 12, 2005