# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROCK LESNAR, | ) | CIVIL ACTION NO: |
| | ) | 3:05CV221 (CFD) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WORLD WRESTLING | ) | |
| ENTERTAINMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | JUNE 22, 2005 |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant World Wrestling Entertainment, Inc. ("WWE") requests that Plaintiff Brock Lesnar ("Plaintiff") produce the following documents and things in accordance with the Instructions and Definitions contained herein. Plaintiff is required to produce documents in response to these requests within thirty (30) days of service hereof at the offices of Day, Berry & Howard, LLP; One Canterbury Green; Stamford, Connecticut 06901 or at such other place as may be agreed upon by counsel.

### I. INSTRUCTIONS

A.  If you believe any of the following document requests call for information or documents subject to a claim of privilege or documents otherwise excludable from discovery, respond or produce so much as is not objected to, and, pursuant to Fed. R. Civ. P. 26(b)(5), state that part of each discovery request as to which you raise objection, and set forth the basis for your claim of privilege with respect to such information as you refuse to give, together with the following information:

PI-1385509 v1

(1) A brief description of the nature and subject matter of the document, including the title and type of document (i.e., whether it is a letter, memorandum, drawing, etc.);

(2) The document's date;

(3) The name and title of the author(s);

(4) The name and title of the person(s) to whom the document is addressed, including all persons who received copies;

(5) The name and title of the person(s) to whom the document was sent;

(6) The number of pages; and

(7) The document request to which the document is otherwise responsive.

B. In making each response, you are required to furnish all requested items in your possession, custody, or control, including items in the possession, custody, or control of any attorney or agent or any person acting in your behalf. If you cannot comply with any request in full, after exercising due diligence to comply with said request, so state and comply with the request to the extent possible, specifying your inability to comply with the remainder.

C. Pursuant to Fed. R. Civ. P. 34(b), you are to produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

D. If any document requested to be produced in these requests was, but is no longer, in your possession or control or no longer in existence, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others, and if so, to whom; or (iv)

2

otherwise disposed of; and in each instance explain the circumstances surrounding authorization for such disposition and state the approximate date thereof.

 E. These requests are to be deemed continuing in nature.

## II. DEFINITIONS

The Definitions Applicable to Discovery Requests set forth in Local Rule 26(a), (b), (c) and (d) are incorporated by reference herein and made a part hereof. In addition, the following Definitions shall apply to these document requests:

 1. As used herein, "Plaintiff," "you" and "your" means Brock Lesnar, any other names you have used, any non-public corporations owned or controlled by you, including, but not limited to, Brock Lock, LLC, and all present and former agents or representatives of Brock Lesnar, including counsel.

 2. As used herein, "representative," when used to refer to the representative of a corporation or other legal entity, means and includes its present and former officers, directors, employees, agents, promoters, attorneys, and consultants, or anyone purporting to act on its behalf; when used to refer to the representative of a person, means and includes all agents, promoters, attorneys, and consultants, or anyone purporting to act on their behalf.

 3. As used herein, "Settlement Agreement" means the Settlement Agreement and General Release of All Claims entered into between WWE and Lesnar on May 6, 2004, effective March 15, 2004.

 4. As used herein, "New Japan Pro Wrestling" means a Japanese organization involved in the development, promotion, and marketing of professional wrestling and/or sports entertainment, including, but not limited to, its present and former officers, directors, employees,

3

agents, promoters, attorneys, representatives, consultants, parents, subsidiaries, affiliates, predecessors, and successors.

5. As used herein, "Professional Wrestling Organization" means any person or entity, other than WWE and New Japan Pro Wrestling, involved in the development, promotion, and marketing of professional wrestling and/or sports entertainment, including, but not limited to, its present and former officers, directors, employees, agents, promoters, attorneys, representatives, consultants, parents, subsidiaries, affiliates, predecessors, and successors.

6. As used herein, "Ultimate Fighting Organization" means any person or entity involved in the development, promotion, and marketing of ultimate fighting, including, but not limited to, its present and former officers, directors, employees, agents, promoters, attorneys, representatives, consultants, parents, subsidiaries, affiliates, predecessors, and successors.

7. As used herein, "Shoot Fighting Organization" means any person or entity involved in the development, promotion, and marketing of shoot fighting, including, but not limited to, its present and former officers, directors, employees, agents, promoters, attorneys, representatives, consultants, parents, subsidiaries, affiliates, predecessors, and successors.

8. As used herein, "Sports Entertainment Organization" means any person or entity, other than WWE and New Japan Pro Wrestling, involved in the development, promotion, and marketing of sports entertainment, including, but not limited to, its present and former officers, directors, employees, agents, promoters, attorneys, representatives, consultants, parents, subsidiaries, affiliates, predecessors, and successors.

9. As used herein, "Professional Football" means the National Football League, NFL Europe, the Canadian Football League, and the Arena Football League, including, but not limited

to, its present and former officers, directors, employees, agents, promoters, attorneys, representatives, consultants, parents, subsidiaries, affiliates, predecessors, and successors.

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents concerning the Settlement Agreement.

**RESPONSE:**



**REQUEST NO. 2:** All documents concerning any communication concerning the Settlement Agreement with any person, including, but not limited to, any attorney, agent, representative or other advisor.

**RESPONSE:**



**REQUEST NO. 3:** All documents concerning any communication with any Professional Football team, including, but not limited to, communication concerning tryouts, contract offers, and prospective contract offers.

**RESPONSE:**



**REQUEST NO. 4:** All documents concerning any communication with WWE about the possibility of your returning to WWE.

**RESPONSE:**

**REQUEST NO. 5:** All documents concerning New Japan Pro Wrestling.

**RESPONSE:**

**REQUEST NO. 6:** All documents concerning any communication with New Japan Pro Wrestling or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with New Japan Pro Wrestling.

**RESPONSE:**

**REQUEST NO. 7:** All documents concerning any communication with New Japan Pro Wrestling or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with New Japan Pro Wrestling.

**RESPONSE:**

**REQUEST NO. 8:** All documents concerning any communication with any Professional Wrestling Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Professional Wrestling Organization.

**RESPONSE:**

**REQUEST NO. 9:** All documents concerning any communication with any Professional Wrestling Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Professional Wrestling Organization.

**RESPONSE:**

**REQUEST NO. 10:** All documents concerning any communication with any Ultimate Fighting Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Ultimate Fighting Organization.

**RESPONSE:**

**REQUEST NO. 11:** All documents concerning any communication with any Ultimate Fighting Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Ultimate Fighting Organization.

**RESPONSE:**

**REQUEST NO. 12:** All documents concerning any communication with any Shoot Fighting Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Shoot Fighting Organization.

**RESPONSE:**


**REQUEST NO. 13:** All documents concerning any communication with any Shoot Fighting Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Shoot Fighting Organization.

**RESPONSE:**


**REQUEST NO. 14:** All documents concerning any communication with any Sports Entertainment Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Sports Entertainment Organization.

**RESPONSE:**

8

**REQUEST NO. 15:** All documents concerning any communication with any Sports Entertainment Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Sports Entertainment Organization.

**RESPONSE:**

**REQUEST NO. 16:** All documents concerning any communication concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005, including, but not limited to, any communication concerning any forms, contracts or releases signed by you or anyone acting on your behalf and any communication concerning how your expenses for the trip, such as airfare, hotel accommodations, meals, and transportation, including, but not limited to, limousine service, were paid for or reimbursed.

**RESPONSE:**

**REQUEST NO. 17**:  All documents concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005, including, but not limited to, any forms, contracts, releases, or other documents signed by you or anyone acting on your behalf and any receipts, invoices or other documents concerning how your expenses for the trip, such as airfare, hotel accommodations, meals, and transportation, including, but not limited to, limousine service, were paid for or reimbursed.

**RESPONSE**:

**REQUEST NO. 18**:  All documents concerning all of your income from June 9, 2000 to the present.

**RESPONSE**:

**REQUEST NO. 19**:  All documents concerning tax returns, required financial filings and other financial statements of you and/or any corporation, partnership or other entity owned in whole or in part by you, including, but not limited to, Brock Lock, LLC, from June 9, 2000 to the present.

**RESPONSE**:

**REQUEST NO. 20:** All documents concerning any communication concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR, ESPN, any television network, and/or any video game producer or designer, from January 1, 2004 to the present.

**RESPONSE:**


**REQUEST NO. 21:** All documents concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR, ESPN, any television network, and/or any video game producer or designer, from January 1, 2004 to the present.

**RESPONSE:**


                     Respectfully submitted,

By: _____
          Jerry S. McDevitt (admitted *pro hac vice*)

Mark D. Feczko (admitted *pro hac vice*)
Christopher Michalski (admitted *pro hac vice*)
KIRKPATRICK & LOCKHART NICHOLSON
GRAHAM LLP
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500

11

Daniel L. Schwartz, Esq. (ct09862)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901
(203) 977-3000

Attorneys for Defendant,
World Wrestling Entertainment, Inc.

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on the date hereof to the following counsel of record:

>Scott S. Centrella, Esq.
>Diserio Martin O'Connor & Castiglioni LLP
>One Atlantic Street
>Stamford, CT 06901

June 22, 2005

_____
Jerry S. McDevitt