## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of April 1, 2006 (the "Effective Date"), by and between World Wrestling Entertainment, Inc. ("WWE"), on the one hand, and Brock Lesnar and Brock Lock, LLC (collectively, "Lesnar") on the other hand (WWE and Lesnar shall be referred to herein, from time to time, as the "Parties").

WHEREAS, Lesnar entered into Booking Contracts with WWE dated June 7, 2000 and July 1, 2003 (the "Booking Contracts"), pursuant to which Lesnar granted to WWE certain rights to his services and intellectual property and agreed to perform for WWE as a performing artist and professional wrestler in exhibitions and programs arranged by WWE.

WHEREAS, Lesnar performed for WWE from in or around June 2000 through March 2004.

WHEREAS, on or around March 15, 2004, Lesnar sought an early release from certain of his exclusive obligations to WWE under his Booking Contracts to enable him to try out for the National Football League, and the Parties reached an agreement as to the terms of such release and entered into the Settlement Agreement and General Release of All Claims dated May 6, 2004 (the "May 6, 2004 Settlement Agreement").

WHEREAS, in or around February 2005, Lesnar filed a lawsuit in the United States District Court for the District of Connecticut captioned *Brock Lesnar v. World Wrestling Entertainment, Inc.,* at Civil Action No. 3:05CV221 (CFD) (the "Lawsuit") seeking to declare unenforceable certain provisions of the May 6, 2004 Settlement Agreement.

WHEREAS, WWE asserted counterclaims against Lesnar in the Lawsuit for: (i) alleged breach of the May 6, 2004 Settlement Agreement; (ii) a declaration that WWE does not

continue to owe Lesnar royalty payments under the May 6, 2004 Settlement Agreement as a result of his alleged breach; and (iii) an injunction against Lesnar's continued violation of the May 6, 2004 Settlement Agreement;

WHEREAS, WWE denies any and all liability for any and all claims asserted by Lesnar in the Lawsuit.

WHEREAS, Lesnar denies any and all liability for any and all counterclaims asserted by WWE in the Lawsuit.

WHEREAS, the Parties wish to resolve all litigation and claims as may exist or be alleged to exist between the Parties on the terms hereinafter described.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the Parties hereto, INTENDING TO BE LEGALLY BOUND, agree as follows:

1.     Execution of this Agreement, or the furnishing of the consideration provided for by this Agreement, shall not be deemed or construed at any time for any purpose as (i) an admission of liability, fault, wrongdoing or any unlawful conduct by either of the Parties, and/or (ii) an admission of or consent to any claim, counterclaim, contention, argument, or position asserted by any Party in the Lawsuit.

2.     Each of the Parties hereto specifically represents and warrants that he or it (i) has reviewed this Agreement; (ii) is fully aware of its contents and legal effects; (iii) has been independently advised by counsel of his or its choice(s), in whom he or it has full and complete confidence, with respect to this Agreement and all matters embraced by it; (iv) either individually, or through its undersigned representative indicated below, is fully authorized to execute this Agreement; and (v) has not sold, assigned, transferred, conveyed, or otherwise disposed of any

2

claim, counterclaim, rights, liabilities, demands, actions or causes of action herein released, and that he or it knows of no other party who claims an interest in such rights released hereby.

3. 

4.

(a)



(e)



5.



6.

7.     In consideration of the mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, and except for claims arising under this Agreement, Lesnar hereby unconditionally RELEASES AND FOREVER DISCHARGES WWE, and WWE's subsidiaries, affiliates, predecessors, successors and/or assigns, together with their respective past, present and future officers, directors, employees, independent contractors, agents, brokers, talent, partners, and legal representatives, from any and all claims, counterclaims, cross-claims, actions, causes of action, rights, disputes, controversies, judgments, debts, agreements, contracts, promises, representations, misrepresentations, allegations, demands, obligations, duties, suits, expenses, assessments, penalties, charges, injuries, losses, costs (including, without limitation, attorneys' fees and costs incurred), damages (including, without limitation, compensatory, consequential, and/or punitive

6

damages), sanctions, and liabilities of every kind, character, nature, and manner whatsoever, in law or in equity, based on any federal or state law, statute, common law right of action or otherwise, civil or criminal, administrative or judicial, whether in contract, tort (including, without limitation, strict liability, fraud and negligence of any kind) or otherwise, which it ever had, now has or ever may have in the future, whether now known or unknown, claimed or unclaimed, asserted or unasserted, foreseen or unforeseen, suspected or unsuspected, discovered or undiscovered, accrued or unaccrued, anticipated or unanticipated, contingent or fixed, alleged or litigated, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Effective Date of this Agreement.

8.     In consideration of the mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, and except for claims arising under this Agreement and those rights granted to WWE pursuant to Lesnar's 2000 and 2003 Booking Contracts specifically preserved under Paragraph 11 of this Agreement, WWE hereby unconditionally RELEASES AND FOREVER DISCHARGES Lesnar, and his successors and/or assigns, from any and all claims, counterclaims, cross-claims, actions, causes of action, rights, disputes, controversies, judgments, debts, agreements, contracts, promises, representations, misrepresentations, allegations, demands, obligations, duties, suits, expenses, assessments, penalties, charges, injuries, losses, costs (including, without limitation, attorneys' fees and costs incurred), damages (including, without limitation, compensatory, consequential, and/or punitive damages), sanctions, and liabilities of every kind, character, nature, and manner whatsoever, in law or in equity, based on any federal or state law, statute, common law right of action or otherwise, civil or criminal, administrative or judicial, whether in contract, tort (including, without limitation, strict liability, fraud and negligence of any kind) or otherwise, which it ever had, now has or ever may have in the future, whether now known or unknown, claimed or unclaimed, asserted or unasserted, foreseen or

unforeseen, suspected or unsuspected, discovered or undiscovered, accrued or unaccrued, anticipated or unanticipated, contingent or fixed, alleged or litigated, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Effective Date of this Agreement.

9.     For the avoidance of doubt, Paragraphs 7 and 8 of this Agreement are intended to be a mutual general release of all claims, known or unknown, existing as of the Effective Date of this Agreement.  WWE and Lesnar agree that no Party shall make, assert, or maintain against the other Party any claim, demand, action, suit or proceeding arising out of, directly or indirectly, or in connection with, any claims and/or matters released in this Agreement; provided, however, nothing contained in this Paragraph shall limit any action of any Party to enforce this Agreement or the perpetual rights under Paragraph 11.

10.     Within fourteen (14) days of execution of the Agreement by both Parties, the Parties jointly stipulate to submit the proposed Consent Order attached hereto as Exhibit A to dismiss all claims and counterclaims in the Lawsuit with prejudice.  Each Party shall bear his or its own expenses (including, but not limited to, attorneys' fees) in connection with the Lawsuit. The Parties further agree that the United States District Court for the District of Connecticut shall retain jurisdiction to enforce the Parties' obligations under this Agreement and such Court shall be the sole forum in which disputes regarding this Agreement may be heard.  This Agreement shall be governed by, subject to, and construed in accordance with Connecticut law without regard to any conflicts of law or choice of law principles to the contrary.

11.     This Agreement contains the entire understanding of the Parties hereto and, except as provided herein, supersedes all prior oral and written communications and agreements with respect to the subject matter hereof.  Notwithstanding the foregoing, the Parties agree that any and all perpetual rights granted by Lesnar to WWE, including, but not limited to, under

8

Sections 2, 3, and 4 of the 2000 and 2003 Booking Contracts, shall continue in full force and effect and are not in any way affected, modified, or superseded by this Agreement.

      12.    This Agreement shall not be modified or amended except by an instrument in writing signed by each of the Parties hereto duly authorized to execute such modification or amendment.

      13.    This Agreement shall be considered as drafted jointly by all Parties, and no uncertainty or ambiguity found in the terms hereof shall be construed for or against any party based on an attribution of drafting to any party.

      14.    This Agreement shall become effective upon its execution by each of the Parties and/or their authorized representatives.

      15.    This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

      16.    Any statements, communications or notices to be provided pursuant to this Agreement shall be sent by certified mail, return receipt requested, or by facsimile transmission, to the attention of the persons indicated below until such time as notice of any change of the person to be notified or change of address is forwarded in writing to all parties:

      (a) for WWE, to:

| | |
|---|---|
| Jerry S. McDevitt | Edward L. Kaufman, Esq. |
| Curtis B. Krasik | Executive Vice President & General Counsel |
| KIRKPATRICK & LOCKHART | World Wrestling Entertainment, Inc. |
| NICHOLSON GRAHAM LLP | 1241 East Main Street |
| Henry W. Oliver Building | Stamford, CT 06902 |
| 535 Smithfield Street | |
| Pittsburgh, PA 15222 | |

      (b) for Lesnar and Brock Lock, LLC, to:

Scott S. Centrella             David B. Olsen
DISERIO MARTIN O'CONNOR     HENSON & EFRON
& CASTIGLIONI LLP           2220 South Sixth Street
One Atlantic Street             Suite 1800
Stamford, Connecticut 06901      Minneapolis, MN 55402


          IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute

this Agreement as of the dates set forth below:


BROCK LESNAR

AGREED AND ACCEPTED:

                           _____


SUBSCRIBED AND SWORN to before me this ____ day of April, 2006.

                           _____
                           Notary Public

My Commission Expires:

_____


BROCK LOCK, LLC

AGREED AND ACCEPTED:

                           _____
                           BY:  Brock Lesnar

SUBSCRIBED AND SWORN to before me this _____ day of April, 2006.

_____
Notary Public

My Commission Expires:

_____

WORLD WRESTLING ENTERTAINMENT, INC.

AGREED AND ACCEPTED

_____
BY:   Edward L. Kaufman

SUBSCRIBED AND SWORN to before me this _10th_ day of April, 2006.

_____
Notary Public

MARGARET M. YTUARTE
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2007

My Commission Expires:

_7-31-07_____

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Agreement as of the dates set forth below:

BROCK LESNAR

AGREED AND ACCEPTED:

_____

SUBSCRIBED AND SWORN to before me this ____ day of April, 2006.

_____
Notary Public

My Commission Expires:

_____

BROCK LOCK, LLC

AGREED AND ACCEPTED:

_____
BY:  Brock Lesnar

SUBSCRIBED AND SWORN to before me this ____ day of April, 2006.

_____
Notary Public

My Commission Expires:

_____

## ACKNOWLEDGMENT

State of _Minnesota_
County of _Hennipen_

On this _7th_ day of _April_ , 20_06_ , _Brock Lesnar_ personally appeared before me,
___ who is personally known to me,
_X_ whose identity I verified on the basis of _Minnesota License_ ,
___ whose identity I verified on the oath/affirmation of _____ ,
   a credible witness,
to be the signer of the foregoing document, and he/she acknowledged that he/she signed it.

JOY MARIE ANDERSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

_____
                                   Notary Public
My Commission Expires: _Jan. 31 2010_

*Attribution Clause: This Certificate is prepared for, and exclusively belongs to, the accompanying document entitled*
_Settlement Agreement_ , *which consists of* _13_ *page(s) and is dated* _April 1, 2006_ .
*If this Certificate is appropriated to any document other than the one described herein, it shall be deemed null and void.*

Copyright 2001 by the Notary Law Institute.  Unauthorized reproduction of any kind of this form is strictly prohibited.

#0421